UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                   Case Nos.    3:10cr47/LAC/CJK
                                                  3:12cv584/LAC/CJK

JESUS CLARK-CASTANEDA
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 183).  The Government has filed a response (doc. 187) and Defendant has filed a reply.  (Doc. 189).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

Defendant and four others were charged in a two count superseding indictment with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and (2) possession with intent to distribute 500 grams or more of cocaine.  (Doc. 40).  Defendant and co-defendant Gutierrez together sold multiple kilograms of cocaine to individuals in Fort Walton and Pensacola in 2009 and 2010. Defendant pleaded guilty on July 12, 2010, represented by retained counsel Glenn M. Swiatek.  (Doc. 175).  There was no written plea agreement, and in fact, Defendant did not enter his plea until after a jury had been selected.  (Doc. 175 at 6, 15).

A Presentence Investigation Report ("PSR") was prepared for sentencing.  In the original version of the PSR, Defendant was held accountable for 17.285 kilograms of cocaine, corresponding to a base offense level of 34.  (Doc. 103, Draft PSR ¶ 48). There were no adjustments and Defendant's criminal history category was I.  (*Id*. at ¶¶ 49–57, 61).  Defendant filed no objections. An addendum to the final version of the PSR reflects that the Government conceded that the drug weight attributable to a co-defendant was less than 15 kilograms and the probation office made a similar adjustment in Defendant's case, thus reducing his base and total offense levels to 32. (Doc. 127, Final PSR ¶¶ 48, 57, 101).   The applicable guidelines imprisonment range was 121 to 151 months.

The defense filed no written objections to either version of the PSR.  At sentencing, when queried about objections, counsel noted that his client was "certainly less culpable than anybody else." (Doc. 176 at 2).  Counsel also stated that

---

[1]Detailed statements of facts describing the offense conduct are set forth in the final PSR (doc. 127) and will be set forth herein only as necessary.

he was "arguing for a deduction based on the quantity of cocaine that is attributed to him." (*Id*. at 3).   The Government asked for a continuance for the defense to put its objections in writing, at which point counsel clarified that the defense was prepared to stipulate to Defendant's accountability for the same quantity of cocaine attributed to co-defendant Gutierrez. (*Id*. at 4).   After the parties clarified that the drug amount was not the 17.285 kilograms set forth in the draft PSR, but between five and fifteen kilograms as set forth in the addendum, the defense agreed to that stipulation. (*Id*. at 4–5).   Counsel again argued that Defendant was less culpable than other defendants in the case.   In addition, he noted that the reason Defendant did not qualify for the safety valve was because Defendant chose not to cooperate due to concern about putting his and his family's lives in jeopardy. (*Id*. at 5–6).   Counsel's comparison of his client's situation to the circumstances of co-defendant Gutierrez, whom counsel believed to be the ringleader, was unavailing, as the court noted that Gutierrez had received credit for acceptance while Defendant had not.[2] (*Id*. at 7).   In response, the Government noted that its reading of the PSR suggested that Defendant and Gutierrez were equally culpable, and further, that the perceived threat to Defendant and his family was a result of his own actions. (*Id*. at 7).   The court sentenced Defendant to a term of 136 months imprisonment, at the mid-point of the advisory guidelines range. (*Id*. at 8).

Defendant filed a pro se notice of appeal. (Doc. 141).   The Eleventh Circuit dismissed his appeal for want of prosecution, but later reinstated it and allowed counsel to withdraw.  (Docs. 156, 164, 167).   Attorney Elaine Mittleman raised a

---

[2]The PSR reflects that Defendant did not receive an acceptance of responsibility adjustment due both to the timing of his plea, after jury selection, and his failure to discuss the facts of the case with the probation officer during his interview.   (Doc. 127, Final PSR ¶ 45).

single issue in Defendant's behalf on appeal, arguing that his within-guidelines sentence was substantively unreasonable due to disparities with the 48 to 180 months sentences received by his co-defendants.  (Doc. 178).   The Eleventh Circuit found that Defendant was not similarly situated to co-defendant Gutierrez, with whom Defendant attempted to compare himself, found no abuse of discretion with respect to the sentence imposed, and affirmed Defendant's sentence.  (*Id*.)

In the present motion, Defendant claims that counsel was constitutionally ineffective in  myriad respects.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor

external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine

counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir.

2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v.*

*Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).  Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.  *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).  To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief.  *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

Defendant's Ineffective assistance of counsel claims[3]

Defendant first claims, in paragraph 17 of his memorandum, that he was coerced into a plea agreement that he would not otherwise have accepted.  As noted

---

[3]Defendant's claims are not clearly delineated.  As such, they will be addressed in the order set forth in his memorandum, identified by the paragraph number in which they are mentioned.

above, there was no plea agreement.  Additionally, Defendant's conclusory assertion that he was "coerced" into entering a guilty plea is contradicted by the transcript of the plea colloquy.  The court specifically asked Defendant whether he had been "forced or threatened or promised or pressured or intimidated in any way" to enter a guilty plea, and Defendant responded that he had not.  (Doc. 175 at 15).  The court is confident that Defendant, through his interpreter, understood the question, because at one point when he did not understand a question, Defendant did not hesitate in making his confusion known to the court.  (*Id*. at 13).

A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings.  *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014) (citing *Blackledge*).  This is because solemn declarations made under oath in open court carry a strong presumption of verity.  *Blackledge*, 431 U.S. at 73–74; *Connolly v. United States*, 568 F. App'x 770, 771 (11th Cir. 2014) (citing *Blackledge*); *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1349 (11th Cir. 2010) (citing *Blackledge*).  They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations, just as Defendant presents in this case, does not suffice.  *Blackledge*, 431 U.S. at 73–74; *Winthrop-Redin*, 767 F.3d at 1216.  Such allegations are subject to summary dismissal.  *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S. at 74).  As such, Defendant is not entitled to relief on this claim.

In paragraph 18, Defendant makes generalized assertions that defense counsel was substantially unprepared and uninformed throughout the case, and that the

multiple errors and miscalculations resulted in a sentence that was "substantially higher than other similarly situated defendants."  Defendant offers no specific allegations of error that would support a finding of constitutional ineffectiveness.  In addition, the Eleventh Circuit considered, and rejected, a claim of sentencing disparity on direct appeal, and as such, this claim cannot be re-litigated herein.  (Doc. 178).  Defendant has not shown that relief is warranted on this claim.

Defendant next asserts, in paragraphs 19 and 20, that counsel failed to handle the matters of drug quantity and Defendant's role in the offense in a constitutionally acceptable manner.  For instance, he faults counsel for not filing a formal objection to either the quantity of drugs attributed to him, or to the probation officer's determination that Defendant was not entitled to a role reduction.  Again, Defendant's assertions are conclusory.  The facts as set forth in the PSR do not support a finding that Defendant played only a minor role in the offense conduct or that the quantity of cocaine ultimately attributed to him was overstated.  Despite Defendant's assertion that "[t]here existed credible evidence" to support his position, he does not identify any evidence that was furnished or made known to his attorney that would have provided a basis for either argument.  Furthermore, in pleading guilty, Defendant specifically admitted under oath that he had been involved with in excess of five kilograms of cocaine.  (Doc. 175 at 11–12).  Absent even a scintilla of record support for Defendant's assertions, he has not established that counsel was constitutionally ineffective in this respect.

In paragraph 21, Defendant states that he requested that defense counsel request a "'Fast Track' four point reduction in accordance with the United States Directive allowing for this reduction for qualifying deportees."  The Government

notes that Defendant was not charged with an immigration offense in this case, and that he cannot show that a "Fast Track" program for illegal aliens convicted of drug trafficking offenses exists or existed in the Northern District of Florida. *See United States v. Gomez,*358 F. App'x 53 (11th Cir. 2009) ("Congress created the fast-track program as a way to alleviate the growing pressure on the judicial system created by the increasing number of illegal reentry cases in certain districts.") (citing *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1251 (11th Cir. 2006)). Defendant was not entitled to relief under such a program, and counsel was not constitutionally ineffective for her failure to make such a request.

In Defendant's reply, he does not attempt to rebut the Government's position that he is not entitled to relief on the aforementioned claims. Rather, he raises a new claim of ineffective assistance of counsel , asserting that counsel was constitutionally ineffective because he did not ensure that Defendant receive acceptance of responsibility as part of his plea agreement. (Doc. 189). There is no basis for relief on this claim. There was no plea agreement, Defendant did not plead guilty until after jury selection, and he declined to speak to the probation officer about his role in the offense. To the extent Defendant asserts an "entitlement" to the two-point acceptance reduction, he is mistaken. The commentary to U.S.S.G. § 3E1.1 clearly provides that a defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right. U.S.S.G. § 3E1.1, comment. (n.3). Therefore, under the circumstances of this case, counsel was not constitutionally ineffective for not pursuing an acceptance of responsibility adjustment for his client, and Defendant is not entitled to relief.

<u>Conclusion</u>

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 183) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of July, 2015.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**